IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aubrey R. Ackles,  Case No. 3:19-cv-1458

    Plaintiff

    v.  **ORDER**

Commissioner of Social Security,

    Defendant

This is a Social Security case in which the plaintiff, Aubrey Ackles, appeals the Commissioner's decision denying his application for benefits.

United States Magistrate Judge Thomas M. Parker has issued a Report and Recommendation, recommending that I affirm the Commissioner's decision. (Doc. 16). Plaintiff has filed objections to the Report and Recommendation. (Doc. 17).

Ackles' sole objection is his argument that the Administrative Law Judge ("ALJ") failed to incorporate into his residual functional capacity ("RFC") a statement made by state agency physician, Deryck Richardson, Ph.D., that for Ackles, "[o]ccaisonal absences are expected due to severity of symptoms." (Doc 10, PageID 188). Ackles contends the ALJ erred in determining that opinion was vague and in not incorporating it into Ackles' RFC. (Doc. 17, PageID 2663).[1] Ackles asserts that the word "occasional" in Dr. Richardson's statement must be interpreted in

---

[1] Ackles asserts that the ALJ failed to follow the direction of the Appeals Council by failing to incorporate Dr. Richardson's statement into his RFC. (Doc. 17, PageID 2663). The Appeals Counsel, however, only held in its remand order that the ALJ erred by not providing "an evaluation of Dr. Richardson's statement"; not that the ALJ was bound on remand to give that statement weight. Doc. 10, Page ID 217-18.

the manner it is defined in SSR 83-10, 1983 WL 31251, at *5 (1983), as "[o]curring from very little to up to one-third of the time." (Doc. 17, PageID 2663).

Ackles' argument takes the cited Social Security Ruling out of context. SSR 83-10 was issued for the purpose of clarifying how to apply the Medical-Vocational Rules (the "Grids"). 20 C.F.R. Part 404, Subpt. P, App. 2 § 200 *et seq.* "The grids categorize jobs by their physical-exertion requirements, namely sedentary, light, medium, heavy and very heavy." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 679 (6th Cir. 2013).

The Grids do not apply, however, when a claimant has significant non-exertional limitations, such as those resulting from mental health impairments, that further reduce his or her RFC.[2] *Revis v. Sec'y of Health & Human Servs.*, No. 84-5408, 1985 WL 13225, at *2 (6th Cir.) ("The mental problems are 'nonexertional' and hence not covered by the grid."); *Elson v. Comm'r of Soc. Sec.*, No. 3:11-CV-183, 2011 WL 7418598, at *10 (N.D. Ohio) (Armstrong, M.J.), ( the grids "take account only of a claimant's 'exertional' impairment" and cannot be applied by rote to claimants with non-exertional limitations), *report and recommendation adopted*, 2012 WL 609408 (N.D. Ohio) (Carr, J.).

The form on which the Commissioner seeks opinions from state agency physicians further demonstrates that the definition of "occasionally" used in the context of the categories of physical exertion does not apply to mental health impairments. In addressing a claimant's physical limitations, that form directs such physicians to rate the individual's exertional

---

[2] The Commissioner's regulations define exertional activities as "[o]ne of the primary strength activities (sitting, standing, walking, lifting, carrying, pushing, and pulling) defining a level of work. SSR 83-10, 1983 WL 31251, at *6-7.

limitations and incorporates the regulatory definitions of the words "occasionally" and "frequently" in its section on exertional limitations. (Doc. 10, PageID 170).

In requesting information regarding mental health, however, the form requires agency physicians to rate how limited the claimant's ability is to perform various mental tasks, (Doc. 10, PageId 172). The applicable regulations direct agency physicians to rate a claimant's mental-health limitations on a five-point scale: none, mild, moderate, marked, and extreme, 20 C.F.R. Part 404, Subpt. P § 1200(F)(2). Thus, the regulatory definition of "occasionally" does not apply to ratings regarding mental health limitations.

Rather than misapplying the definition of "occasionally" out of its proper context, Magistrate Judge Parker correctly concluded that Dr. Richardson's statement that Ackles would be expected to have "occasional absences," (Doc. 10, PageID 172), was vague. (Doc. 16, PageID 2658). The vagueness of a medical opinion is a proper basis on which to afford it less weight. *See, e.g.*, *Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472. 476 (6th Cir. 2008); *McGill v. Comm'r of Soc. Sec.*, No. 5:18 CV 4346275, 2019 WL 4346275, at *8 (N.D. Ohio) (Knepp, M.J.).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Ackles' objection to the Magistrate Judge's Report and Recommendation (Doc. 19) be, and the same hereby is, overruled;

2. The Magistrate Judge's Report and Recommendation (Doc. 16) be, and the same hereby is, adopted as the order of the court; and

3

3.      The Commissioner's decision denying plaintiff's application for benefits be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr<br>
Sr. U.S. District Judge